Peter J. Corcoran, III, Esq. M.S., LL.M. (SBN 224181)
CORCORAN IP LAW PLLC
4142 McKnight Road
Texarkana, TX 75503
T: (903) 701-2481
F: (844) 362-3291
peter@corcoranip.com

Isaac Rabicoff
(*Pro Hac Vice Admission Forthcoming*)
RABICOFF LAW LLC
73 W. Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

*Attorneys for Plaintiff*
*BE Labs, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

| | |
|---|---|
| **BE Labs, Inc.**, | Case No. 2:19-cv-2638 |
| Plaintiff, | **COMPLAINT – JURY TRIAL DEMANDED** |
| v. | |
| **Edimax Computer Company,** | |
| Defendant. | |

Plaintiff, **BE Labs, Inc.** ("BE Labs"), through its attorney, Peter Corocoran, complains of **Edimax Computer Company** ("Edimax") and alleges the following:

**Parties**

1. Plaintiff BE Labs, Inc. is a corporation organized and existing under the laws of New York that maintains its principal place of business at 1285 Greenbriar

1
Complaint with Jury Demand

Lane, North Belmore, NY 11710.

2. Defendant Edimax Computer Company is a corporation organized and existing under the laws of California that maintains its principal place of business at 3444 De La Cruz Blvd., Santa Clara, CA 95054.

## Jurisdiction

3. This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Edimax because it has engaged in systematic and continuous business activities in the Central District of California. Specifically, Edimax is incorporated in the state of California and provides its full range of services to residents in this District. As described below, Edimax has committed acts of patent infringement giving rise to this action within this District.

## Venue

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Edimax has committed acts of patent infringement in this District, and Edimax is incorporated in the state of California. In addition, BE Labs has suffered harm in this District.

**Patents-in-Suit**

7. BE Labs is the assignee of all right, title and interest in United States Patent Nos. 7,827,581 (the "'581 Patent") and 9,344,183 (the "'183 Patent"), collectively the "Patents-in-Suit," including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, BE Labs possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Edimax.

**The '581 Patent**

8. On November 2, 2010, the United States Patent and Trademark Office issued the '581 Patent. The '581 Patent is titled "Wireless Multimedia System." The application leading to the '581 Patent was filed on February 28, 2001 and claims priority to a provisional application filed in 2000. A true and correct copy of the '581 Patent is attached hereto as Exhibit A.

9. The '581 Patent is valid and enforceable.

10. The invention claimed in the '581 Patent relates to a wireless distribution system for home or business use that receives signals that are then re-broadcast throughout the site by low energy transmissions to end units. Ex. A at 1:24-29. A wireless media center receives signals from one or more sources, and the signals are broadcasted to video end units for televisions and radios, and communications end units for telephones and data. *Id.* at 1:54-56. Data channels tell the wireless distribution system which program and data signals should be sent. *Id.*

at 1:57-58.

**The '183 Patent**

11. On May 17, 2016, the United States Patent and Trademark Office issued the '183 Patent. The '183 Patent is titled "Wireless Multimedia System." The application leading to the '183 Patent was filed on October 1, 2010 and is a continuation of the application that issued as the '581 Patent. A true and correct copy of the '183 Patent is attached hereto as Exhibit B.

12. The '183 Patent is valid and enforceable.

13. The '183 Patent is related to the '581 Patent and, therefore, the invention in the '183 Patent also relates to a wireless distribution system for home or business use that receives signals that are then re-broadcast throughout the site by low energy transmissions to end units. Ex. B at 1:29-45.

## COUNT I: INFRINGEMENT OF THE '581 PATENT

14. BE Labs incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Edimax has been and continues to directly infringe one or more claims of the '581 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the AC2600/RG21S ("Exemplary Edimax Products") that infringe at least exemplary claims 1, 6, and 28 of the '581 Patent (the "Exemplary '581 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the Patents-in-Suit have been made, used, sold, imported, and offered for sale by Edimax and/or its customers.

16. **Induced Infringement.** Edimax actively, knowingly, and intentionally has been and continues to induce infringement of the '581 Patent, literally or by the doctrine of equivalence, by selling Exemplary Edimax Products to their customers for use in end-user products in a manner that infringes one or more claims of the '581 Patent.

17. **Contributory Infringement.** Edimax actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '581 Patent, literally or by the doctrine of equivalence, by selling Exemplary Edimax Products to their customers for use in end-user products in a manner that infringes one or more claims of the '581 Patent.

18. The filing of this Complaint constitutes notice in accordance with 35 U.S.C. § 287.

19. Despite such notice, Edimax continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '581 Patent. On information and belief, Edimax has also continued to sell the Exemplary Edimax Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '581 Patent. Thus, on information and belief, Edimax is contributing to and/or inducing the infringement of the '581 Patent.

20. Exhibit C includes charts comparing the Exemplary '581 Patent Claims to the AC5. As set forth in these charts, this Exemplary Edimax Product practices

the technology claimed by the '581 Patent. Accordingly, the Exemplary Edimax Products incorporated in these charts satisfy all elements of the Exemplary '581 Patent Claims.

21. BE Labs therefore incorporates by reference in its allegations herein the claim charts of Exhibit C.

22. BE Labs is entitled to recover damages adequate to compensate for Edimax's infringement.

## COUNT II: INFRINGEMENT OF THE '183 PATENT

23. BE Labs incorporates the above paragraphs herein by reference.

24. **Direct Infringement.** Edimax has been and continues to directly infringe one or more claims of the '183 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the AC2600/RG21S ("Exemplary Edimax Products") that infringe at least exemplary claim 1 of the '183 Patent (the "Exemplary '183 Patent Claim") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the Patents-in-Suit have been made, used, sold, imported, and offered for sale by Edimax and/or its customers.

25. **Induced Infringement.** Edimax actively, knowingly, and intentionally has been and continues to induce infringement of the '183 Patent, literally or by the doctrine of equivalence, by selling Exemplary Edimax Products to their customers

for use in end-user products in a manner that infringes one or more claims of the '183 Patent.

26. **Contributory Infringement.** Edimax actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '183 Patent, literally or by the doctrine of equivalence, by selling Exemplary Edimax Products to their customers for use in end-user products in a manner that infringes one or more claims of the '183 Patent.

27. The filing of this Complaint constitutes notice in accordance with 35 U.S.C. § 287.

28. Despite such notice, Edimax continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '183 Patent. On information and belief, Edimax has also continued to sell the Exemplary Edimax Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '183 Patent. Thus, on information and belief, Edimax is contributing to and/or inducing the infringement of the '183 Patent.

29. Exhibit D includes charts comparing the Exemplary '183 Patent Claim to the AC5. As set forth in these charts, this Exemplary Edimax Product practices the technology claimed by the '183 Patent. Accordingly, the Exemplary Edimax Products incorporated in these charts satisfy all elements of the Exemplary '183 Patent Claim.

30. BE Labs therefore incorporates by reference in its allegations herein the claim charts of Exhibit D.

31. BE Labs is entitled to recover damages adequate to compensate for Edimax's infringement.

## Jury Demand

Under Rule 38(b) of the Federal Rules of Civil Procedure, BE Labs respectfully requests a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, BE Labs respectfully requests the following relief:

A. A judgment that the '581 Patent and the '183 Patent are valid and enforceable.

B. A judgment that Edimax has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '581 Patent;

C. A judgment that Edimax has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '183 Patent;

D. An accounting of all damages not presented at trial;

E. A judgment that awards BE Labs all appropriate damages under 35 U.S.C. § 284 for Edimax's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to

adequately compensate BE Labs for Edimax's infringement, an accounting:

    i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that BE Labs be awarded its reasonable attorneys' fees against Edimax that it incurs in prosecuting this action;

    ii. that BE Labs be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii. that BE Labs be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: April 6, 2019     Respectfully submitted,

*/s/ Peter Corcoran*
Peter J. Corcoran, III (SBN 224181)
CORCORAN IP LAW PLLC
4142 McKnight Road
Texarkana, TX 75503
T: (903) 701-2481
F: (844) 362-3291
peter@corcoranip.com

Isaac Rabicoff
(*Pro Hac Vice Admission Forthcoming*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

*Attorneys for Plaintiff*
*BE Labs, Inc.*